# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

FALLS OF NEUSE MANUF'G Co. and others *v.* GEORGIA HOME INS. Co.

*(Circuit Court, W. D. North Carolina. October 15, 1885.)*

1. EQUITY PRACTICE—CONTRIBUTION.
    Where several actions, removed from a state court, are based upon insurance policies on the same property, based on the same application, issued at the same time and by the same agent, containing a clause for contribution, the court will order one of the causes to be transferred to the equity docket, and the other defendants to be made parties, and the pleadings in that case to be reformed according to the equity practice.
2. SAME—INJUNCTION.
    In such case the plaintiff will be enjoined from further proceedings in the other actions until a final decree in the cause so transferred.
3. SAME—DOMESTIC COMPANY.
    In such case an action against a resident defendant company pending in the state court will be stayed until such final decree, and such company will be made a party to the suit so transferred.

Motion to Consolidate, and Transfer to the Equity Docket.

The plaintiffs instituted an action against the defendant for the recovery of $5,000 upon an insurance policy in the state court. They at the same time, in the same court, instituted separate actions against eight other insurance companies, one of which was incorporated in North Carolina, upon policies issued at the same time, upon the same property, and upon the same application. All the policies contained the following stipulation:

"In case of any other insurance on the property herein insured, whether valid or not, or made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount so insured thereon; and it is hereby declared and agreed that in case of the assured holding any other policy in this or any other company on the property insured,

subject to conditions of average, the policy shall be subject to average in like manner."

The non-resident insurance companies removed the actions against them, respectively, to the United States circuit court, under the act of congress of 1875.

At October term, 1885, of the court, the defendants in the actions removed, being liable each for a proportionate part of the loss, (if liable at all,) insisted that, as each company was liable to contribute only its proportionate amount of the loss, there should be a single ascertainment of the loss incurred, so as to bind all the companies, and that each company should be held (if at all) for the proportion of that sum which the amount insured by it bore to the total amount of insurance, and that, as there could be no consolidation of the suits except in a court of equity, and as the element of contribution was one of equitable jurisdiction, and that as the cases were removed from a court in which, under the new Code of Civil Procedure, law and equity were merged, and the distinctions between law and equity abolished, in order to completely determine the rights of the parties, and to prevent circuity of action, the several causes should be transferred to the equity side of the docket and consolidated.

*Watson & Glenn, J. C. Buxton,* and *Fuller & Snow,* for plaintiffs.

*W. W. Crump, Graham & Ruffin, Schenck & Price,* and *John W. Hinsdale,* for the insurance companies.

BOND, J., (DICK, J., concurring,) made the following order:

This cause coming on to be considered upon the motion of the several defendants that this cause be transferred and put upon the equity docket of this court, this court doth now declare that the said several insurance companies—to-wit, the Georgia Home Insurance Company, the Virginia Fire & Marine Insurance Company, the Westchester Fire Insurance Company, the Imperial Fire Insurance Company, the Virginia Home Insurance Company, the Rochester German Insurance Company, and the North Carolina Home Insurance Company—are necessary and indispensable parties to the cause in order that the rights of all the parties may be duly ascertained and administered, and that the same can only be done by a court of equity. It is thereupon ordered and decreed that this cause be transferred and put upon the equity docket of this court for trial, and that the pleadings of parties in said cause be reformed according to the equity practice of this court.

And it thus appearing to the court that the North Carolina Home Insurance Company is a necessary and indispensable party to this cause, it is further ordered and decreed that the plaintiffs proceed, according to the course of this court, to make the said North Carolina Home Insurance Company, and the other insurance companies, parties to the suit transferred.

And it is further ordered that the plaintiffs be enjoined from further proceeding in any action or cause now pending in this court

against any of the defendants first above enumerated, until there shall be a final decree rendered in the cause hereby directed to be framed and put upon the equity docket of this court.

And it further appearing to the court, by the admission of all parties in open court, that the plaintiffs have a suit against the said North Carolina Home Insurance Company, touching the same subject-matter now pending in the superior court of Surry county, in the state of North Carolina, it is further ordered and decreed, in pursuance of the court's intention, that the rights of all the parties in interest may be equally and fully administered, that the said plaintiffs be enjoined, and they are hereby enjoined, from further proceeding in said cause until said final decree may be rendered in this court sitting as a court of equity; and in the mean time that this cause, together with the other causes now pending in this court between the said plaintiffs and any of the said insurance companies, remain and be upon the law docket of this court, until the further order of this court, and, on motion of counsel for each and every one of said insurrance companies, they are allowed to be made, and are hereby made, parties defendant to this cause as transferred.